Thank you honor if you please the court, I'm Marvin Miller for mr. Davis this case began when Holly Springs police officer Richardson stopped him for tinted windows on street in town The Officer got his registration etc sat in his patrol car, which is a marked car. He was in uniform and Was checking him out on the computer When officer Billig and Boyd arrived in their marks Ford Explorer and they were in uniform. They talked they pulled in behind Richardson had their emergency lights on The computer check showed no outstanding warrants. He showed that 20 years ago He had a possession with intent to distribute cocaine charge and the year before that a possession of marijuana charge After About three minutes into the stop the car takes off officer Richardson goes behind it and his Dodge Charger and Billig and Boyd go behind Richardson and their Explorer. There's a High-speed chase through a neighborhood. It lasts for maybe a minute or two I think Boyd said it lasted less than two minutes, whatever it was The car ends up going between two houses parking on the between them cuts off the engine gets out and Davis runs down an embankment to a swampy area with Richardson behind him shortly after that Boyd and Billig show up and When Richardson is about seven to ten yards away from Boyd He pulls out his service weapon and he says stop right there now Davis a Black man knows when our officers got his gun on you and he says stop right there That's not a quote, but whatever language he used he stopped he said now you come back here and He turned around and he came back in his hand was the book bag or backpack that he had taken with him out of the car He came back to where officer Richardson told him to come Officer Richardson said you dropped the backpack He dropped it exactly where the officer thought it ought to be and obeyed his order. He's a gunpoint He says you go over there and lay down on your stomach face down He laid down exactly where the officer told him to face down on his stomach Richardson put handcuffs on him and said he was under arrest because he had been speeding he had been Reckless driving he had been playing the same and those were the charges When Boyd and Bellic arrive they go down to where Richardson is and Boyd sees that Richardson's standing over. Mr. Davis Everything's fine. He has no concern for officer safety. So he leaves Bellic and Richardson he goes to check the thing that could be a danger to the police and the danger to the police is whether or not the car is Has his parking brake engaged or is in park he checks that that's okay He comes back down when he comes back down to where the officers and Davis are he sees That Richardson has a book bag in his hand Now Richardson said that after he had him down on the ground and handcuffed and everything That he picked up the bag and looked in it to see whether or not there was a gun or anything in it Why'd you look for a gun? Well, I'll look for a gun because he had a drug conviction 20 years ago Now it wasn't a conspiracy. So let's talk law at this point. Yes, sir. Your contention is It didn't have the requisite legal authority to search the backpack And I take it you want us to rely on the Gantt case Yes, yes plus a little bit if you're on it, please What happens is that After Simmel Robinson and Chadwick, there's Belton Belton go is interpreted too widely by let's talk law first. I got the facts I want I want to know what law are you relying upon here? I mean We have not called Fully in that direction we declined to even address in the Farabee case and if we go with the holding of Gant The question is, you know, how limited is that holding? In terms of is it just it didn't say it was unique to vehicles or what what does it? What does it hold and how is it relevant to you here on this? I'll say how it's relevant In Gantt, the Supreme Court said that courts have been going too far in allowing searches Incident to an arrest under Belton and they said that's not consistent with what we want and they talked about Chadwick When they had the Riley decision some years after Gantt Gantt was I think in oh eight and Riley was in 14 the court talked about The search incident to arrest trilogy of cases because that was the issue in Riley and when they were talking about that they talked about Chadwick and Gantt Chadwick was a case that was raised by the district court in your decision in Lipman and You overruled in the reliance of the district court on Chadwick into in that case By relying on Belton and That was a case where a man was arrested for on a drug sale. They took his shoulder bag He was a gunpoint and they searched his shoulder bag and the decision of this court in Lipman was okay You can search the shoulder bag because Belton says so When Gantt came down It reigned in that kind of Belton Authorization and it talked about the case in Chadwick which Chadwick was interesting because it said that it personality in that case there was a Trunk it could be luggage, but personal things which the police have in their control are things which require a warrant to search and In Lipman and in a related case of Porter both 1984 from this court The police had the items but they had been before the police had them on the defendant So the theory was if you arrest a defendant whatever he had in his hand or with him at the time of his arrest You can search under Belton Gantt says no, that's not true And that's so let's let's be clear Gantt. We got what Gantt is We know we know what it is and there been is an opinion of which the third seven Eight nine and ten circuits have applied Gantt in situations like this holding the police searches of a passenger compartment incident to an arrest are only reasonable if the arrestee is Secured unsecured and within reaching distance of the compartment at a time of the search so the question is do we extend this to close objects like this book bag and Because it did not specifically find That its rationale was unique to the vehicle context As it did in terms of a separate opinion or something of that nature So so is this the same thing here? Are we dealing with a book bag as opposed to a compartment and do is our inquiry then as to whether it should be in an If we do say okay, he is secured and and as you've said he's down in handcuffs We know that we're down and he's got a gun on him Then the question is is this a search instance to the rest exception for this warrant requirement? Well, this is this is not a search incident to the arrest exception because of Chadwick which had been abrogated as you did in Littman by Belton and Gantt says and Riley says that's no longer the case. And here's the situation The theory behind all search incidents to an arrest is one of the things is officer safety So in Chadwick when the police took control of the luggage They had it and the defendant didn't in this case when officer Richardson took control of the bag He put it at the place where he chose to have it and it can't be said that he put it in a place that Made it dangerous to himself because no reasonable officer is going to manufacture a dangerous circumstance for themselves And he didn't He put it where he thought it was safe and That was his reason And he say he put it where he thought it was safe or did he testify that the book bag was within the wingspan of The defendant here. He said in response to a leading question. Was it in his wingspan? He said yes, but the standard under Gantt Chadwick and Related cases is whether or not it's reasonable and it can't be said that an officer Did he say that he put it in a place that he felt was safe like you just said No one asked him that question, but you for all should have a reason so he never said that You're just it's a reasonable conclusion as your argument. Well, we know that he had it put where he chose That's undisputed because he had the man at gunpoint and he told him where to put it So if you've got someone at gunpoint you tell them put it down right there It's not reasonable to think that an officer is going to place it when he can place it anywhere He wants some place put it down right there or he said put it down He told him where to put it down when he came out of the mud And he had his gun on him He said drop the bag and he had dropped the bag then he said near you go over there and lay down Face down and then he handcuffed him. It's like in Chadwick. Once the officers had the bag. It was under their control There was no reason not to get a warrant once officer Richardson had the bag then There was no reason not to get a warrant you it It has to be looked at in common-sense terms and an officer where he has him come out with the bag in his hand and He's out of the mud then the officer decides where and when he wants him to put it down because he's the man with a gun on Davis and So that was the officer's decision and one can't assume that an officer made a decision to make something unsafe for himself This was like police can't create accidents circumstances and then say aha. We've created accidents circumstances So we have an accident circumstance that justifies our conduct They can't do that and there has to be a reasonable belief now there's no reason to believe there's a weapon in the bag and there's no because there's no Weapon to do with anything and it's a traffic stop There's no reason to believe that there's evidence of reckless driving evidence of speeding Evidence of fleeing in the bag because that's driving behavior so Under those circumstances you have to look at the practical realities of it and an officer can't manufacture his Situation where he says I have an accident circumstance for my safety, which is what a search incident to arrest is all about You look at the Decision I would say in both in Litman in particular where Chadwick Police have it. They control it. They can put it anywhere. They want once they do that. They're not allowed to claim. Aha we have an accident circumstance and Because Belton was used by this court in Litman to overrule Chadwick and because it's been pulled in by Gant Then it applies in the same circumstances Because it was applied to the bag in Litman and it would apply to the bag here because that's how this court addressed the issue and so Gant would now control the other thing is that the Court and Riley talked about the importance of Chadwick and made distinctions between it and circumstances like Gant and If you look at the totality of the situation in practical terms There's a limit To a search incident to arrest. It's not unfettered even under Schimel. You can't go to everything It's in the room where the guy's arrested. He's arrested behind his desk in his office on the far side of the office There's a lateral file cabinet with three chairs in front of it You can't search it because it's not accessible And so an officer can't put the bag in an accessible place and then say aha Look what I did now I get to search it He can't create that circumstance when he's got total control because he has a man at gunpoint That's it that doesn't fit with the way the Supreme Court analyzed the situation in Riley That was a cell phone, but they were looking at search incident to arrest an officer safety. I Think I've gone over my time. I bet I'd like to reserve remainder if I may, please Thank You. Mr. Miller. Mr. Rosser Mr. Rye you're muted. Mr. Rogers Mr. Rogers Yes, let me see Thank You Your Honor Good morning. May it please the court? I'm Joshua Rogers and I represent the United States and the case here is pretty straightforward It's about a defendant who forfeited his Fourth Amendment rights and it all comes down to control He maintained immediate control of his backpack during the arrest and he relinquished control of his vehicle when fleeing arrest Okay, how did how did he maintain control of his backpack during the arrest? Black letter law in the circuit says that and this is current lawful arrest alone authorizes search of a person area or container and we look at geography and temporality so with All right, you're getting ready to tell me about how he maintained control Yes, Your Honor, so in geography what we look at is immediate control that doesn't mean is it in his hands It means is it within is it within his ability to get to so and that's a facts extensive Inquiry, so the backpack in this where my wingspan question came in to mr Miller because the officer did testify that the book bag was within Mr. Davis Mr. Davis's wingspan. However, mr. Davis was also on his stomach and handcuffed. So how could he get to it? When he was on his stomach and handcuffed that severely limits your wingspan I would think It may limit your wingspan, but there this court and many other courts including circuit courts have stated Handcuffs are not failsafe Handcuffs has You know, the Third Circuit has pointed out in Shakir there are instances many instances in which officers have died Because a defendant or in this case or a criminal managed to break out of handcuffs and kill them so It's not as if because the handcuffs are on it's the end of the inquiry. It's looking at the geography of it It is right next to him He only has handcuffs on and the officers in a situation where he's trying to frisk him at the same time So so your point is that this? Individual was not secure at the time and I want to make sure we have the facts down. He was handcuffed He was face down on the ground and the officer was he holding that wasn't he holding a gun? Over him at the time. I don't believe that's clear from the record It would it would be implied from what we see if he said I frisked him I imagine it's difficult to frisk with one hand, but it's not entirely clear, but he does have a firearm It was indicated he had drawn that firearm He did draw the firearm, but it's not entirely clear on whether he'd put it back in his holster We do know he's attempting to frisk him. So we'll have to assume. Mr Rogers that he still had it drawn since there's no evidence. There's evidence that he had a draw but no evidence that he had Rehosted it, right? If we assume that I think that we still It's not assuming it. That's the evidence that it was drawn and there's no evidence that he hosted it, correct Yes, and I would still say that the defendant was in immediate control of the container and by that again Is it it was next to him? He has handcuffs that are not fail-safe and we have an officer who is trying to To Act peacefully if we you believe the way the defendant's argument is going. It wasn't peaceful This is a six minute window that starts with tinted windows and the next thing it's him on the ground with this guy Six minutes after barreling through the defendant through these two homes in his vehicle So I think that the way he's casting it as this sort of the you know, it's peaceful. Everything is calm now He just got him on the ground This is a serious situation in part the bag itself speaks volumes the defendant has nearly drawn driven off a cliff and What does he do at that moment? He grabs the bag He's got a presence of mind to grab the bag and even when he turns around after he gets stopped in the mud He's holding on to that bag. He doesn't let go of the bag and The officer now has to ask himself if you know in the midst of all this what's in the bag and it's right there we've got a guy who's only handcuffed and As the defendant pointed out in his brief, he's a big guy he's on his hands in his face and The officer now is trying to frisk him and look in the bag. This was more So do we apply Gantt here in our analysis of this or do we go back to the pre Gantt? Situation with the United States versus currents. I think Gantt is actually helpful here I mean can't more addressed glove compartments We do know fourth circuit cases and other circuits that have actually addressed more of the backpack scenario But if we look at Gantt one thing that's evident There is that the defendant was locked up in the back of the car the police car There was no getting to the contraband in that case. So if we apply Gantt, it's only helpful In fact, if we look at all the cases that have been cited They're all helpful to this one because none of them are as extreme as this one This is at the tip of the spear in this case. Are you saying Gantt extends beyond? vehicular searchers I Would I would say so your honor, but even if it doesn't there are plenty of circuit well I want to make sure we establish at least your position on that because that is one avenue which to proceed if we're going with And their circuits who have held that some maybe that did not but I want to Get your point of view in terms of which way are you saying how we should? Handle Gantt should it extend beyond vehicular searches? I Would say that Gantt is parallel It's up to the court whether it chooses to you know, adopt Gantt for these purposes, but I would say Regardless that Gantt even though it seems like it's more geared toward that context and everything's discussed in the context of a glove compartment box This is more in line with the cases like Shakir and cook Perdomo that are specifically dealing with a backpack So I would say that I would necessarily depend on what the court means by extent I think I would find parallels without saying Gantt exactly applies here But even if it did it relies upon the unsecured Passenger a person who's there and the ability to be able to reach that's where the wingspan stuff come in and you get in the current We're dealing back with temporal consideration and geographical considerations handsome narrow consideration so you look at this particular individual which is where you were going seems to me and You you contend he was not secured in much the same way as the Fairview case that you know Interesting to me in terms of someone who's handcuffed face down Potentially with a gun on him is not secure and even if he has a gun It would seem to me you say he could have rehosted. Why would you unsecure a person? Would you not consider that an individual has a gun pointed? Well, let me ask is that secure is that sufficient to amount to a secured situation? Individuals handcuffed face down in an open field Okay, so we're not dealing with a house situation where you got people all around you can go alert others gun on him Is that secure? I? Would say that it is not and I would say that based on black letter of law and that is Simply that we look at geography is he I want to hear this black letter law Cite me where that is coming. Just don't don't have to give any but tell me what what you were lying on when you say black letter law Currents and that is not well, that's the whole conundrum you got, you know Currents is a different case than then then Gantt Current relied upon geographical and temporal consideration can't narrow this that went to the vehicular Situation you're saying we should extend Gantt to apply beyond the vehicular situation and when we do we are now talking about unsecured Versus the ability and the ability to be able to reach and Here's this individual we outside of current now on the Gantt and here's this individual on the ground face down Handcuff, I'm presuming of the handcuffs behind him or they're behind his back, right? Handcuff behind his back good on him Or at least potentially have a gun and you say he could have rehosted But it it doesn't seem to make sense if it's secured to put a gun on someone that you would unsecure a person You know, you know to do something else you would keep them secured In that situation doesn't does not seem to follow Well, the thing is I think when we say well does Gantt apply this current supply of the Fourth Amendment? It's a cornucopia of cases that deal with all these finer points and the courts have to look it is But we have to as we begin to go through that cornucopia cases We we like to begin to define and make the law a little clearer in terms of situ So we don't get into these vague areas and here we have an opportunity to decide Does Gantt apply in the fourth circuit as it does in several other circuits? That's the only question I'm asking and if and if it does that gives us an analysis if you say no Then we fall outside of it. Maybe we get into more of the incident research type cases current and others there. So What I'm trying to say is that Gantt does not exist in a vacuum the you know third seventh ninth eighth This court have actually narrowed down a discussion in terms of Gantt that applies in this and it's it's coming together in terms of a Law, so no, I wouldn't apply Gantt in a vacuum But I would apply it in light of the body of law, especially that's developing around containers And going back to you know, the geographical and the temporal aspects here With temporality, you know, usually we're looking at had a half hour past ten minutes There was this was as substantially contained contemporaneous as you could get with the arrest Davis was being arrested as this happened So when you have the situation where the geography is it is within my wingspan and it's happening while I'm been it's there while I'm getting arrested. It's difficult to see How that doesn't satisfy currents and then when we read that in the context of all the other circuits including therapy It's difficult to imagine how that doesn't actually fall within The range of something that would be immediate control. That's substantially contemporaneous. Mr. Rogers. The problem you have is that in therapy? The person was milling around Correct, correct, and we all know what milling around is he was walking around. This is not that case See, would you also agree here that the only justification you have for going in the bag will be based on Security of the officer, correct? I would have agreed that that is a legitimate reason Wouldn't that be the only reason under these facts to go in the bag is for the security of the officer. They're correct Yes, your honor. All right, so That being the case. I can't think of anybody more secure that you on your stomach face down Manicure that you're both hands behind you a person is standing over you with the weapon police officer. I Mean how could you be more secure than that now you're right He was not in a car like that, but that's better than a car because I'm telling you It's it is impossible to jump up You try that I mean sort of be on your stomach with your hands behind you and jump up And jump up before a person with a gun standing over you could Shoot you or do whatever. I mean, it's I mean you could I suppose you could say he could kick the person or something like that, but the bag that if there's any Insecurity the insecurity would be in his body being able to roll or something like that To get to the bag before that officer could get to him well, again, I go back to therapy is a great quote from there about handcuffs and It's the court stated Handcuffs are not failsafe and they do not instantly and completely Eliminate all risk that the subsect that this suspect will flee or do the officers harm You know why because he was milling around there. He was on his feet walking Sure, if you if you have someone handcuffed with their handcuffs in front of them and they're walking around Certainly, you could go up to a bag and run you could get into a bag with both hands and shoot somebody But that's not this case. This man is on his stomach What is the handcuffs behind him with somebody stand over him with a gun? well, this harkens to Robinson case from the Supreme Court 1973 when It said the decision to search Incident to arrest is quote necessarily a quick ad hoc judgment and does not require to be broken down in each Instance into an analysis of each step of the search in it So I think what we're doing all of us here in the ivory tower We're looking down at this officer who has again just been in this heart-stopping situation. He has a defendant with a bag He's frisking the person and he turns to look and see if there's a weapon Seemed like the most reasonable thing that he could do in that moment and not consider like, okay Maybe I'll just take a look in the bag and see and then I'll handcuff him I mean he's in a situation where you have someone who's extremely volatile That's what has been proven by the defendant at this point the most reasonable thing he can do is to make sure he's no more volatile than he's already appeared to be in willing to Potentially run over teenagers with a car and that's right. Mr. Rogers You're a very good advocate. I'll give you that but there's no way you can say this is a case of exigency My goodness, he's got he's handcuffed. He's gonna be arrested You don't want to go into the bag. There's no exigency at all At none at all. I mean for example if you really believe that the bag was a problem You stand over him you could take and I think that's what mr. Miller was referencing to he could have picked the bag up and Him There's no exigency as of that You're talking about a situation where it's more likely that he could get to the bag as fast as the other person could it's not This case. I mean, that's that's why you haven't he's not going anywhere as much as he drove I know you've gone over before he drove but now he's captured Now he's he's subdued and I can't understand why you say he's not secure, but I know you argued that But there's no exigency just take it down there and get a warrant for it and go in at all you want and there's Plenty of time to do it You agree with that what what what would have what would rush the officer From from doing the process of putting them in the car and then getting a warrant for the bag. Nothing, right? You agree? No, I think that we're Monday morning quarterback and when we didn't not Monday morning quarterback and I'm talking about common sense What What would have stopped the police officer in these situations from When they arrest him take the evidence as they do and then get a warrant to search the bag You tell me I'm not the answer is not playing quarterback. You tell me facts We weren't there and we don't know we don't know what the defendant was doing with his legs We don't know how much he was resisting. Are you really arguing that we weren't there? We miss would not have convened the day then if you saying that the hands of an appellate court is shortened because we weren't there I Think so. I mean we have I think you ought to argue the facts My question is this what under these facts would have prevented the officer from taking the bag down and getting a war? You know, of course could he have done that certainly but was he still justified by the analysis that the court is Has to look at which is the geography and the temporality of what's happening When we look at those facts, I mean, yes, there's an alternate theory But that does of how it could have gone, but that doesn't necessarily mean those facts in common sense help you Under those facts we have those facts with common sense help you because the common sense is he's on the ground Manacles hand behind when the police officer stand over top of and other police is around That's the common sense of the facts but none of those help you but go ahead Well, you know frankly when I first looked at the case I thought well he's got handcuffs on until I went to the Shakir case from the Third Circuit and saw the string sight of officers who'd actually been killed as a result of Handcuffs not working like they ought to see part of the confusion here is can't is a United States Supreme Court case It is and so when you go beyond that you've got the can't holding and you told me Gantt Applies to searches beyond the vehicle if that's so then the Gantt applies here to the book You don't go to the pre Gantt cases that are circuit court cases. Sure. You can find all other kind of analysis here, but Gantt Analyze the vehicle in the context of whether the individual was secured and had the ability and not ability to reach That's the wingspan stuff you get into a confusion when you want to try to well Supreme Court said this but there's some circuit courses say there's other ways you can do geographical and temporality with it That's confusing because the Supreme Court didn't use those cases See that they did not use a geographical and a temporal argument with regard to the vehicle case So that's why I asked and it seems to me the first decision We've got to make do we apply Gantt in a situation beyond the vehicles? If the answer is yes, we apply Gantt. We don't go and add to the Supreme Court's opinion in Gantt Temporal and geographical things from current which is I think it's for circuit case or other cases We stick with the Supreme Court, but if you say no, it doesn't apply Necessarily because it is not the big that was a vehicular case then we'll stop then we're back in the geographical So that's why I asked which are which direction are you going in with that? because I don't think you can pull up every case that's ever dealt with searches from the circuits and Add it to a Supreme Court case is dealt with a situation that would fit here If you say that Supreme Court case applies outside the vehicle That makes sense It does. Okay, but we have we have merging areas of law There do different streams of Fourth Amendment law I'm sure you do and I'm not arguing that point with you, you know, I and I agree They are merging screens, but we are dealing with a full circuit of a force Fourth Amendment type search here the Supreme Court in this recent case of Gantt somewhat recent makes this pronouncement in terms of here, you've got a vehicle and Here an individual the question of the inquiry is can he get to these this other area vehicle? Is he secured and Is it in reach? The question I asked well if that applies then you got this backpack Is a backpack, you know sort of like a vehicle there and does the same inquiry apply? Is it secured and within reach if Gantt applies? We don't need as you say a canopla Cornepia or whatever of cases out there to go and try to try to deal with every situation the Of how we used to analyze these things because we it could have been done The Supreme Court could have could have used I assume The fourth circuit case occurred and says we're gonna follow that reason, but it shows the Gantt analysis So that that helps to make it cleaner at least from my perspective We either gonna apply Gantt or we say no that doesn't apply outside the vehicle Then we we spend our time talking in the things you want to talk about So I'll ask you again does Gantt apply outside of the vehicle search It does and it must be merged with other cases that actually look at can tell me a case that tells you that a Supreme Court case on point that deals with a search must be applied to other circuit cases Well, I'm more talking about for example this court recently looked at therapy it's not as if the court said Oh It does that again if they declined to deal with it in forever didn't it I Mean didn't we decline to I thought we declined to do it. Maybe I mean, let me double-check, but I thought we decline Yeah, it's caught in Inferior decline to decide whether the Supreme Court is holding in Gantt you apply to objects like backpacks. They didn't they didn't reach it But assume that it would So today I'm asking What if we don't want to decline applying Yeah, we want to decide whether it applies in this circuit. That's the that's a key question and You got to help me You see what I'm going with this it because we could do like we're doing in in February and just declined Sometimes a court just doesn't want to deal with an issue Well, we might want to deal with that. So and you say we should apply it outside So you've given us an answer, but once you've given us the answer now you want us Well, what is the we like the little saying you want that cake and you want to be able to eat it, too? With some other stuff there. So I think I'm not sure it follows that way It seems to me if you're going to go again And Gantt is going to inform this decision by determining whether this individual was secured which you argued He's not which I thought was again. That was consistent with it. But now you want to go geographical and temporal parts from current which is pregame and My answer to the question is I'm not going to say that it can't must apply but it can apply and Be examined in the terms of other Circuit court cases. I don't think that's that's fair. That's a fair statement. But let me let me just put it this way What you need to deal with is in the vein When you say it can apply if we say it does apply Where do you go there? That's the question. You're exactly right. It can it could go either way we could say no Yes, but I'm giving you the scenario. What if we say it does apply if it does apply Then we would be successful in this in that instance as well because in that case you have a clearly different scenario you have a defendant who is definitely Entitled just Fourth Amendment rights because officers are actually you'd say in that case claiming to have some sort of reason They have to check the bag You see that case what do you which one you're talking about again case of this case? Which factual scenario you're talking about I'm talking about the fact that you have officers Justifying their search in this case back in Gant despite the fact that The the man is actually locked up in the back of a police car So in this case, we could definitely distinguish we don't have somebody who has at this point Absolutely locked down. This is not somebody who's completely secure. I do understand chief judge That you disagree, but based on what we believe the law to be is that he is not completely secure Unless that's a lot clearer to me now now you are saying what you're saying is again applies But he was not secure and the question is Can we determine on these facts from out if we say yes? He was secure because he had a gun on him because he was on his stomach because he's handcuffed in the back You know, sometimes it's law I Sometimes facts leads to conclusions that we can disagree as to what those facts be some people will look at that says that looks like It's secure to me Courts have a way of looking as you said you could be in the back of a car you you can't and say you're not secure and It's interesting. What we're trying to do is be honest and be open and use some common sense in it Once it's said it becomes the law which is interesting. It doesn't just become the law because the court said it But you know, sometimes you look at it. You shake your head and says wait a minute court says that's not secure She looks like it's secure to me. So that's That's a good point for To leave on that and I think you've clarified me at least in terms of your position on it And I think that's consistent with saying Gant can apply but you say no, it doesn't apply because he wasn't secure But I'm sorry, I just have to confirm because we're reviewing the district court Did the district court ever make a finding that he was not secure or a finding that the backpack was in his immediate control The district court did not make that finding because this was not an argument that the defendant made He made this argument for the first time on appeal the arguments. He made at the district court were that He the stop was consensual and he was allowed to leave at that point and that he lawfully arrested resisted arrest so there wasn't the district court just said When defendant Howard Davis fled from the traffic stop officer Richardson observed him commit a multitude of crimes Including speeding to elude arrest and resisting an officer those observations provided probable cause to arrest defendant for those crimes Okay, fine and to search his person and items within his immediate control The arrest and search of the defendant and his backpack were lawful. There's no there's no Finding at all, but maybe there is somewhere else if there is show me Um, I would look at GA Numbers unfortunately One Fifteen One Yes, the last paragraph at the bottom The court says Once the officer officer conducts such an arrest search incident to the arrest Including a search of the person and any containers or other materials such as a backpack within his immediate control Fall within the exception to the warrant requirement to the Fourth Amendment And so I would say that the right but the court didn't didn't conclude that the backpack was within his immediate control Nor did the court conclude the district court conclude that he was not secure Even what you just read and I don't see it on JA 151, but I'm sure it's somewhere because you read it. I Understand that the court said what the law was or what the court District Court deemed the law to be but in terms of our review of what the court found I'm just I just don't see that the court found that this backpack was within his immediate control or that he was not secure and Assume we could conclude though from the district courts Denial of the motion to suppress and his recitation of that law that that's what the district court concluded But I just didn't see it anywhere. And I'm I've taken up enough time All right. I got one question I want to ask for leaving and don't assume anything from that I'm forecasting anything on this just but I do want to know the answer if we were to find That the search of the backpack was unlawful what would be the evidence that would give probable cause for the Search of the vehicle Probable cause to believe that a contraband or evidence of crime was located in the vehicle What what evidence are you relying on for that now? You've got the first part of the question because I don't want to I know that makes you uncomfortable me to go there But I'm just assumed that's the case Then can we still find there was probable cause to search that vehicle? That's my question Absolutely. The defendant abandoned the vehicle and when someone has abandoned the vehicle now wait you a minute ago you just Faulted opposing counsel for not making an argument below you didn't make this argument Below did you this kind of a letter that opposing counsel was correct? Was not an appropriate use of a rule 28 J letter because you didn't cite any new cases You cited a new argument. Is there somewhere that you argue this abandonment of vehicle below? There is none. Okay Anything beyond the abandonment argument then because if we hold to that That would that would follow what judge stack has said But you know their facts that would support the probable probable cause to search this vehicle Beyond the backpack then the question in that case is Was it reasonable to think evidence was in the vehicle and the answer to that would be yes Without going through the entire six minute debacle The defendant showed many signs that there was something worth looking at in the car when we saw that there was there were convictions for There were drug convictions appeared that he was perhaps under supervision he was definitely on a watch list and he barreled through an area to get away from the officers and Maintains this backpack. Let's assume they didn't look in there But he maintains his backpack that he won't let go of at this point I would say in that point the officers it was reasonable to think that there was resident relevant evidence in there And if there are no further questions, I would just ask the court to affirm the district court Mr. Miller before you begin I want you to answer that last question for me because You know, we've gone around and around but I want you to answer that question and that is if we were to Agree that the search of the backpack was unlawful Why is it not that the evidence of past drug activity and fleeing from a traffic stop? Not enough to support probable cause to believe that there was drug contraband in that car A couple of reasons if you're on a please first of all The arrest was for traffic violations speeding to elude and flee a 20 year old possession with intent to distribute drug case does not create probable cause I Even reasonable suspicion to think that the person has drugs on them at the time The possession of marijuana, which was 21 years old doesn't do that either So you're saying is the age of the drug charges? Okay, but it's some past drug activity Couple that with us up, but you're saying because you did flee to traffic stop. I mean that that shows something is there There's some reason you're doing it, but you're saying that's too tenuous and not connected temporarily enough to allow for Probable cause to be found. There's another factor with that prior charge It's not a conspiracy charge where he's part of a group that is involved in dealing drugs over a period of time Don't confuse me. I don't want to go there with I know it's not a confused period of time I just want to deal with these facts here that are on the table the past drug activity and your criticism There is that is too old. It's a long time ago and old convictions with fleeing Wouldn't be the same if you had some new ones with the fleeing that would give you probable cause more likely There are two parts to the argument one is the age and two is the type of charge Because it's a single individual in possession of drugs in a traffic stop 20 years ago Doesn't mean that they were part of anything that would be ongoing now So it's a type of charge and the age in combination don't give any reasonable Guess I want you to move on the next one because I think I got your point you stopped for tenant windows There's nothing new with drugs. There's no indication You got drugs up there, but he's got these the way you get the drugs is the old convictions then he runs And you can be running for any reason, but it's it's uh, I know but you can move to the next I think I've got to your answer on that. He told officer Richardson. This is coming out at gunpoint. I'm sorry Apologize, I panicked I just panicked and he ran and there are people who jackrabbit for no reason you find it in DWI case So let me let me move to the other point because you're gonna lose some time a minute if we take that if we take in And say okay again applies outside the search Big contention on from the government's perspective is he's not secure What makes him secure and we've been round around on that and and and it may just open come down somebody got to make a call As to whether as a matter of law, that's a cure or not, but other than the fact that He's handcuffed. He's face down Potentially has a gun drawn on him and there have been instances I you know, even with the Cases in which he's standing outside handcuffed. He can run back in the house That sounds like it's kind of tenuous to me But but they are there and he's pointed to the facts in the Gantt case in terms of what's secure and what's not What makes this a really case we can say as a matter of law he's secure Well, you have to look at the officer's actions because action speaks louder than words When Boyd and Bellic cause a 209 of the joint appendix boy says he and Bellic ran together to where Richardson had Davis he says that Davis was down on the ground on his stomach face down handcuffed Judge Judge, mr. Boyd officer boy, not mr. Boyd officer boys saw that situation and in his police Professional training he was secure because he was as he said standing over him and you don't holster your gun until you're safe So well, that's that's that gives us something kind of go along We're not gonna say that because the officer thought he I mean that he wasn't a guy securing him It was the other the other one Officer boy took action to protect officer safety and The accident he took to protect officer safety wasn't to go down and be another guy on Richardson It was to go check the car because his first duty is officer safety The other thing is that officer Richardson who has a duty to officer safety to himself Decided where the bag was going to be put and put it there and he had the man under control You cannot jump up face down on the ground if you weigh 235 pounds you're only 5 foot 11 and you're pudgy as he appears This is where the wall sort of gets it to a point where you begin to wonder who makes these laws Because what all this means is if he had come out of that swamp and chunk that bag Way from him. We would be having this discussion right now, would we? Because he can't get to it It almost makes the law absurd, you know that someone who throws a bag can get a benefit but if you just Instead of throwing something just drop it Decided it's a different result that can happen. No, there's a difference here. And the difference here is but that is true What I just said, right? Yes, that is true. And in this case the distinction from that Hypothetical is that he didn't just drop it When he's told you stop right there at gunpoint and he doesn't want to get shot and he turns around and he does exactly what he's told by the man who's got the loaded gun on him and He comes out and then when the man with the loaded gun says, okay now Drop the bag. Yeah, you know what? You don't argue here. That would be interesting That's why would you have said, you know, he had that bag the whole time. He never went into it He could have gone in into it at many times But once you drop the bag, you know it he had no intention to go in the bag I mean, I haven't heard you say that but why doesn't that make sense that someone it's not like it's not like you you getting Out of the car and then all of a sudden you decide I'm gonna turn the car lose the cars there But if you're gonna apply Gant, he has that bag the whole time. He's running. He's in the swamp with it He comes out with it. If there is something in that bag. He wants to access for safety You would most people would do it before the police get there And not waiting to drop it on the side and then try to reach for it that that doesn't seem to make any sense at all You're correct. He didn't go into the bag. There are cases where they don't reach this August court where somebody's running and they pull a gun out of the waistband and pull or out of a bag and turn around and Try and shoot it to police and then the police get them Sometimes officers get Absurd. I think I think the whole law here just there's a lot of absurdities but the aim is all the same and maybe we can make rules that will make Rules should make sense and make them maybe there's a common-sense situation here But the court has gotten us into this whole business of Gant We've gotten into the current cases of temporal and we're trying to look at all the factors involved And maybe maybe I don't know. I got a feeling one day. The Supreme Court is going to put us in a Much more of what? Mr. Rogers has called that black letter law. I think that black letter law is gonna come one day Probably take us out of these scenarios. But but you got it. This is this is This is a conundrum we had so I'm good with my questions you if others might want to go May I wrap this as one final piece if the court, please Thank you. And and that is that the idea is safety If the idea is safety Then police don't create unsafe situations for themselves they don't manufacture accidents circumstances either the law doesn't allow that and When an officer sees another officer and they're going there to make sure everything's okay, and they see things are safe then They do what? Their job requires them to do to keep the police safe in this case It was go back and check the car and there instead of three officers. There were two The whole principle behind all of this law is that there has to be reason and fairness and that warrants are preferred and You have to look at what the police did They did what their training taught them to do so that they were safe and they had no legitimate concern about the bag They had no factual basis for it It's not fair to be running around loose destroying evidence and just doing what he feels like here's a man That's immobile at gunpoint There end up being three officers and the bag is where the officers think it's safe to be so under those circumstances since you applied Gant to non-vehicle cases and look Porter and Littman you can apply it here. It's consistent with your work final pieces Shakir first circuit case cited in therapy talks about the case of Our was a cursor. I think it is Being one where this court as many others had used Belton to go beyond What Would be reasonable and Just because he had it at one time doesn't mean that they can search that personality without a warrant I think Chadwick makes that clear Thank you very much. I appreciate your time and your courtesy. Thank you Rogers for your argument appreciate it very much. Thank you Can't come down and shake your hand, but know that we appreciate very much your argument Afraid that you'll be safe and and well Thank you that I'll ask the clerk to adjourn the court This honorable court stands adjourned until this afternoon God save the United States and dishonorable court
judges: Roger L. Gregory, James A. Wynn Jr., Stephanie D. Thacker